■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS GERTNER, Appellant.— Judgment affirmed. No opinion. Concur — Peck, P. J., Breitel, Frank and Valente, JJ.; Cox, J., dissents and votes to reverse and order a new trial in the following memorandum: After the conclusion of the trial and the retirement of the jury, the jurors twice returned to the courtroom. On the second occasion, a note, from one of the jurors, was handed to the court containing the following two questions which the court read into the record: (1) " ' Can a bail bondsman accept cash collateral and deposit it in his own account? ' ", (2) " ' Your Honor, in the vote of guilty or not guilty and the vote is not unanimous on either side, can there be a hung jury or must it be unanimous? ' ". In answer to the first question, the court stated: " The Court: The Court will say that the question can be answered, but I cannot answer it for you. You must take all the testimony that you have heard from the mouths of the witnesses and determine the guilt or innocence of the defendant. No outside matter governs. It is just what you heard from the mouths of the witnesses or the exhibits. I cannot answer that question for you." Reading the second question, the court asked: " Is that the question? " When the juror answered in the affirmative, the following colloquy occurred: " The Court: The vote must be unanimous on all counts. The Eighth Juror: On either side? The Court: No, no. On the question of guilt only must the vote be unanimous.

You may retire. The Eighth Juror: Excuse me, sir. On a vote of not guilty —— The Court: There must be a unanimous vote of guilty. The Eighth Juror: On each count? The Court: On each count. The Eighth Juror: And if there is not a unanimous vote of guilty —— The Court: There must be a unanimous vote of not guilty. If I didn't say that, I meant to say that — or of guilty. You may retire." In my opinion, as to the first question, the explanation or lack of explanation by the learned trial court was error, but, standing by itself, not sufficiently substantial to justify a reversal. The answer to the second question failed to clarify the issue and the apparent doubt in the mind of the juror as to whether or not there could be a disagreement by the jury rather than a unanimous verdict of either " guilty " or " not guilty ". Although counsel for the defendant failed to object, I feel that the answers of the court in responding to the juror's note constituted prejudicial error which requires reversal of the verdict and a new trial.